# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JAKOBI THORNBOROUGH,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED PARCEL SERVICE, INC., and UNITED PARCEL SERVICE OF AMERICA, INC.,<br><br>   Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

Plaintiff JAKOBI THORNBOROUGH, by and through his attorneys of record, allege as follows:

## JURISDICTION AND VENUE

1. This is an action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq*. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1343(a)(4).

2. This Court has subject matter jurisdiction over the USERRA claim pursuant to 38 U.S.C. § 4323(b)(3), which provides the district courts of the United States with jurisdiction over any USERRA action brought against a private

1

employer.

3. The claims asserted in this action arose in Fayette County, Peachtree City, Georgia; therefore, proper venue for this action lies within the Northern District of Georgia pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, Jakobi Thornborough, is an adult male individual and citizen of the United States and, at all relevant times, resided in Fayette County, Fayetteville, Georgia.

5. At all relevant times, Mr. Thornborough was an employee of United Parcel Service, Inc., and/or United Parcel Service of America, Inc.

6. At all relevant times, Mr. Thornborough was a member of the United States Air Force Reserve ("USAFR"). Plaintiff is a qualified employee and member of the uniformed services for purposes of 38 U.S.C. §4303(3), (9), and (16).

7. Plaintiff is informed and believes that Defendant United Parcel Service of America, Inc. ("UPSA") is incorporated under the laws of Delaware and has its principal place of business in Georgia at 55 Glenlake Parkway NE, Atlanta, Georgia 30328. UPSA was and is an "employer" for the purposes of 28 U.S.C. §4303(4)(A) and is subject to suit under USERRA §4323(a).

8. UPSA's registered agent for service in Georgia is listed by the Georgia

Secretary of State as CSC of Cobb County, Inc., located at 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060.

9. Plaintiff is informed and believes that Defendant United Parcel Service, Inc. ("UPS") is incorporated under the laws of Ohio and has its principal place of business in Georgia at 55 Glenlake Parkway NE, Atlanta, Georgia 30328. UPS was and is an "employer" for the purposes of 28 U.S.C. §4303(4)(A) and is subject to suit under USERRA §4323(a).

10. UPS's registered agent for service in Georgia is listed by the Georgia Secretary of State as CSC of Cobb County, Inc., located at 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060.

## FACTUAL ALLEGATIONS

11. Plaintiff enlisted with the USAFR on October 5, 2020.

12. Plaintiff accepted a part-time position with UPS on May 5, 2021, as a ramp agent making $15 per hour. Plaintiff's first day was May 10, 2021.

13. Defendants knew Plaintiff was a member of the USAFR when they offered him a position.

14. Plaintiff timely informed his supervisors that he would be going on military orders from approximately July 5, 2021 to September 30, 2021.

15. On May 28, 2021, Plaintiff was traveling to work at approximately 3:32

A.M. Plaintiff texted his supervisor, Mr. Joseph Bergamini, and stated that he did not feel well. Several times prior, Plaintiff would report to work, only to be sent home by his supervisors because he was not needed. Upon information and belief, Plaintiff had been sent home at least five times without performing work in his short tenure at UPS.

16. Mr. Bergamini responded approximately two minutes later and said, "Ok. Your services are no longer needed at UPS."

17. Plaintiff did not understand what Mr. Bergamimi meant until he was informed by a co-worker that he had been fired.

18. Plaintiff texted Mr. Bergamini at approximately 4:12 P.M. and asked, "Did I get fired?" Mr. Bergamini simply stated, "Yes."

19. Plaintiff asked why he was fired, and Mr. Bergamini stated, "When I told my colleague you weren't coming in, he wasn't happy. Also, you'll be leaving soon, so it's probably best to let you go now…we need solid, stable, long term preloaders at this time."

20. Plaintiff was confused, and texted Mr. Bergamini, "I don't get it [sic] I wasn't feeling good at all."

21. Mr. Bergamini responded, "It has more to do with you leaving than your upset stomach. We don't have the time to train you and all the paperwork only

to have you leave in a few weeks."

22. In his short few weeks of employment, Plaintiff had never called in sick, not shown up for work, or ever received an adverse performance review or negative counseling about his performance.

23. Plaintiff never received termination paperwork from Defendants.

24. Plaintiff performed his military service obligations from July 5, 2021 to September 30, 2021.

25. Plaintiff found comparable work with Delta Airlines on December 5, 2021 and makes $19 per hour.

### CLAIMS ALLEGED
### COUNT 1
**Violations of 38 U.S.C. §4301 *et seq.***

26. Plaintiff hereby alleges and incorporates all paragraphs 1-25 above by reference herein.

27. USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. §4301(a)(3).

28. Plaintiff's protected status as a USAFR member was a substantial and motivating factor in Defendants' denial of Plaintiff's benefits of employment without good cause, including but not limited to, his retention in employment.

29. Section 4311 of USERRA protects persons who serve in the

uniformed services from acts of discrimination and reprisal; for example, a person who is "a member of, performs, has performed . . . or has an obligation to perform service in a uniformed service shall not be denied . . . *retention in employment* or… any benefit of employment by an employer on the basis of that membership…performance of service, or obligation." 38 U.S.C. §4311(a) (emphasis added).

30. "An employer shall be considered to have engaged in actions prohibited…if the persons' membership, service…or obligation for service in the uniformed services is a motivating factor in the employer's action." 38 U.S.C. §4311(c)(1).

31. Benefit is defined as:

The term 'benefit', 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment."

38 U.S.C. §43034(2).

32. Defendants knowingly and willfully violated USERRA by, among other ways, discriminating against Plaintiff, and terminating his employment due

6

to Plaintiff's military service obligations in the uniformed services.

33. Mr. Bergamimi's comments that "you'll be leaving soon, so it's probably best to let you go now" and "It has more to do with you leaving than your upset stomach. We don't have the time to train you and all the paperwork only to have you leave in a few weeks" clearly violate USERRA, specifically Section 4311.

34. As a direct and proximate result of the conduct of Defendants as set forth in this count, Plaintiff has suffered injuries and damages including, but not limited to, loss of past earnings and benefits, all to his damage in an amount to be proven at trial.

35. Plaintiff alleges such violations of USERRA were willful and requests liquidated damages in an amount equal to the amount of his lost wages and other benefits pursuant to 38 U.S.C. §4323(d)(1)(C).

36. Pursuant to 38 U.S.C. §4323(h), Plaintiff further requests an award of reasonable attorneys' fees, expert witness fess, and other litigation expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray that judgment be entered against Defendants on all claims and respectfully requests that this Court award the following relief:

A. Declare that acts and practices complained of herein are unlawful and

are in violation of USERRA, 38 U.S.C. §4301, *et seq.*;

  B. Declare that Defendants' violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

  C. Require that Defendants fully comply with the provisions of USERRA by providing Plaintiff all employment benefits denied to him as a result of the unlawful acts and practices under USERRA described herein;

  D. Order that Defendants pay compensatory and/or liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered by reason of Defendants' willful violations of USERRA;

  E. Award Plaintiff pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

  F. Fees and expenses, including attorneys' fees and costs pursuant to 38 U.S.C. § 4323(h);

  G. Grant an award for costs of suit incurred; and

  H. Grant such other and further relief that may be just and proper and which Plaintiff may be entitled to under all applicable laws.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

Dated: February 3, 2023               Respectfully submitted,

<div style="margin-left: 2em;">

s/  Bethany L. Schneider, Esq.
Georgia Bar No. 940713
SCHNEIDER INJURY LAW
1201 Peachtree St. NE, Suite 2000
Atlanta, Georgia 30361
Tel: (404) 800-3060
bethany@schneiderinjuryattorney.com

Brian J. Lawler, Esq.
PILOT LAW, P.C.
4632 Mt. Gaywas Dr.
San Diego, CA 92117
Tel: (619) 255-2398
blawler@pilotlawcorp.com
*Pro hac vice* pending

Attorneys for Plaintiff

</div>